## CIRCUIT COURT OF AMHERST COUNTY

Marshall Dean Tomlin

v.

Wayne Eugene Warren

October 10, 1997

Case No. CL 4417

BY JUDGE J. MICHAEL GAMBLE

I am writing to rule on the defendant's motion for summary judgment in the above case. The motion for summary judgment is granted as to the claim for contribution for the payments made to Peter Nevlud. The motion for summary judgment is denied as to the claim for contribution for the payments to Gwen Jackson Arthur and Enterprise Rent-A-Car. The reasons for the rulings of the Court are set forth below.

The plaintiff in this action seeks contribution from the defendant for payments made to settle certain property damage claims arising out of a motor vehicle accident occurring on March 4, 1993. Under the facts pleaded, the defendant was the lead car in a line of motor vehicles. A ladder fell off of the vehicle of the defendant and a series of collisions occurred. A vehicle immediately behind the defendant's vehicle was owned by Enterprise Rent-A-Car. The vehicle behind the Enterprise vehicle was owned and operated by Gwen Jackson Arthur. The vehicle immediately behind the Arthur vehicle was operated by Peter Nevlud. The plaintiff operated the vehicle immediately behind the Nevlud vehicle. When the Enterprise vehicle slowed for the ladder that fell of the truck, so did Arthur and Nevlud. The plaintiff then collided with the rear of the Nevlud vehicle, which then pushed Nevlud into Arthur, and Arthur into the Enterprise vehicle. As a result of this accident, Allstate Insurance Company, the insurance carrier for the plaintiff, disbursed checks in the total amount of $20,498.91 to settle these claims. Enterprise received $1,224.68. Nevlud received $12,437.89. Arthur received $6,836.24. The plaintiff seeks one-half of these payments, $10,249.41, from the defendant.

438

In his motion for summary judgment, Warren maintains that the plaintiff (through Allstate) did not obtain a valid release under § 8.01-35.1 of the Code of Virginia from Enterprise, Nevlud, or Arthur. Accordingly, the defendant maintains that the plaintiff is not entitled to contribution from the defendant.

Section 8.01-35.1(B) provides as follows:

A tortfeasor who enters into a release or covenant not to sue with a claimant is not entitled to recover by way of contribution from another tortfeasor whose liability for the injury, property damage, or wrongful death is not extinguished by the release or covenant not to sue. . . .

In this case, the insurance carrier, Allstate, did not obtain an executed release from any of the property owners at the time of the settlement of the property claims. The insurance carrier merely issued checks with certain notations on the checks. These checks were endorsed and negotiated by the recipients.

Copies of the checks are attached as Exhibit C to the motion for summary judgment of the defendant. Five checks, totaling $6,836.24, were issued for the settlement of the claim for the property damage to the vehicle of Gwen Arthur. Each of these checks contained the notation "FINAL SETTLEMENT OF ANY AND ALL CLAIMS FOR PROPERTY DAMAGE CAUSED BY ACCIDENT ON 03/04/93." Two checks were issued to Enterprise Rent-A-Car in the total amount of $1,224.68. Each of these checks contained the notation "FINAL SETTLEMENT OF ANY AND ALL CLAIMS FOR PROPERTY DAMAGE CAUSED BY ACCIDENT ON 03/04/93." Four checks were issued to Nevlud totaling $12,437.89. The checks contained the following notations: (1) Check dated March 12, 1993, "Final Payment of Property Damage due to Pd of 3-4-93;" (2) Check dated April 2, 1993, "Rental due to Pd loss of 3-4-93;" (3) Check dated March 12, 1993, "Partial Payment of Property Damage loss of 3-4-93;" (4) Check dated March 26, 1993, "Rental due to Pd of 3-4-93."

Section 8.01-35.1 requires that there be a release or covenant not to sue which extinguishes the liability of a joint tortfeasor in order for there to be a contribution action. This statute does not require a written release or written covenant not to sue. Thus, this Court must determine whether or not the negotiation of the checks and settlement of the property damage claims constituted a release or covenant not to sue. This Court finds that with respect to the Arthur and Enterprise Rent-A-Car settlements, the checks constituted a release of any joint tortfeasor. The Court further rules that with respect to the

Nevlud property damage settlement, the checks do not constitute such a release.

In *Fairfax Hospital System v. Nevitt*, 249 Va. 591, 595, 457 S.E.2d 10 (1995), the Court held that a *written* release is not mandated by § 8.01-35.1. Further, in *Fairfax Hospital System v. McCarty*, 244 Va. 28, 37, 419 S.E.2d 621 (1992), the Court held that an exchange of letters was sufficient to establish a release under § 8.01-35.1 of the Code of Virginia. In *Wright v. Orlowski*, 218 Va. 115, 121-22, 235 S.E.2d 349 (1977), the Supreme Court of Virginia held that a "tacit understanding" was sufficient to establish an accord between the parties which constituted a release.

Accordingly, it is certainly clear that a release can occur without a writing expressly stating that it is a release. Under the evidence presented to the Court, the language in the property settlement checks issued for the Arthur and Enterprise Rent-A-Car claims clearly stated that it was a release "OF ANY AND ALL CLAIMS FOR PROPERTY DAMAGE" arising from the accident. Any and all claims would include the claims that these persons would have against the defendant. Thus, the motion for summary judgment as to this settlement cannot be sustained. The Nevlud claim is a different matter. None of the checks for the Nevlud property damage claim contain the word "release." At best, one of the checks contains the language "Final Payment of Property Damage." These checks involving the Nevlud claim simply cannot be construed as a release of the defendant. Thus, the motion for summary judgment is granted as to the claim for contribution for the Nevlud property damage.